```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ATLANTIC CASUALTY INSURANCE COMPANY,     :    11 Civ. 7565 (DLC)
                                         :
                Plaintiff,               :    MEMORANDUM OPINION
                                         :         & ORDER
        -v-                              :
                                         :
VALUE WATERPROOFING, INC., a/k/a VALUE   :
CONTRACTING, INC., a/k/a VALUE WATER     :
PROOFING, INC., GREENWICH INSURANCE      :
COMPANY, BULLARD PURCHASING AND SALES,   :
INC., and KANSAS FRIED CHICKEN, INC.,    :
                                         :
                Defendants.              :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On January 10, 2012, defendants Kansas Fried Chicken, Inc., and Bullard Purchasing and Sales, Inc., (collectively "Kansas") filed cross-claims against defendant Greenwich Insurance Company ("Greenwich"). Greenwich moved to dismiss Kansas' cross-claims on February 14.

Kansas and Greenwich are non-diverse parties.

> [I]n any civil action of which the district courts
> have original jurisdiction, the district courts shall
> have supplemental jurisdiction over all other claims
> that are so related to claims in the action within
> such original jurisdiction that they form part of the
> same case or controversy under Article III of the
> United States Constitution.

28 U.S.C. § 1367(a).  "For purposes of section 1367(a), claims form part of the same case or controversy if they derive from a common nucleus of operative fact."  <u>Shahriar v. Smith & Wollensky Restaurant Group, Inc.</u>, 659 F.3d 234, 245 (2d Cir. 2011) (citation omitted).  "In determining whether two disputes arise from a 'common nucleus of operative fact,' we have traditionally asked whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court."  <u>Achtman v. Kirby, McInerney & Squire, LLP</u>, 464 F.3d 328, 335 (2d Cir. 2006) (citation omitted).

 The Court declines to exercise supplemental jurisdiction over Kansas' cross-claims against Greenwich.  Plaintiff Atlantic Casualty Insurance Company's ("Atlantic") October 26, 2011 complaint ("the Atlantic Complaint") seeks a declaratory judgment that Atlantic has no duty to provide coverage to defendant Value Waterproofing, Inc. ("Value") in a state court action brought by Greenwich as Kansas' subrogee against Value, based upon exclusions in the liability insurance policy issued to Value by Atlantic.  Kansas' cross-claims allege that Greenwich has failed to pay Kansas first-party benefits to which Kansas is entitled under an insurance policy issued by Greenwich to Kansas.  Kansas further alleges, on the basis that Greenwich

has improperly denied Kansas benefits owed, that Greenwich wrongfully filed its state court subrogation action against Value.  The facts underlying the Atlantic Complaint and Kansas' cross-claims do not substantially overlap.  Instead, the Atlantic Complaint and Kansas' cross-claims address and depend upon the terms of separate and distinct insurance policies: on the one hand, the liability policy issued by Atlantic to Value, and on the other, the first-party policy issued by Greenwich to Kansas.

It may be true, as Kansas argues, that these disputes were precipitated by common events: the collapse of a roof on property owned by Kansas during a storm in February 2010, and Greenwich's state court subrogation action.  But regardless of the manner in which these disputes arose, the operative facts in each dispute are different and boil down to an analysis of the terms of distinct insurance policies between different parties.  Nor is this a case where "two groups of claims, one federal (based on diversity) and one nonfederal, are so tightly interwoven that the federal claims cannot be resolved unless the federal court also addresses the nonfederal claims."  See Cam-Ful Indust. v. Fidelity and Deposit Co. of Maryland, 922 F.2d 156, 160 (2d Cir. 1991).  Resolution of the Atlantic Complaint does not depend upon a determination of whether Kansas is

3

entitled to additional monetary compensation under the first-party policy issued by Greenwich.

Accordingly, it is hereby

ORDERED that Greenwich's February 14 motion is granted. Kansas' January 10 cross-claims are dismissed.

IT IS FURTHER ORDERED that the parties shall adhere to the schedule set forth in the Court's January 27 Order.

SO ORDERED:

Dated:   New York, New York
         April 11, 2012

_____
             DENISE COTE
        United States District Judge